# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MARK CLAYTON,             )
                            )
     Plaintiff,        )
                            )
v.                      )     **Case No. 3:22-cv-00936**
                            )     **Judge Aleta A. Trauger**
LAUREN HOGAN *et al.*,    )
                            )
     Defendants.     )

## MEMORANDUM

Before the court is plaintiff Mark Clayton's Motion for Leave to File a Third Amended Complaint (Doc. No. 125). Defendants Bill Young, Paige Burcham Dennis, and Tom Lawless—the only remaining defendants—oppose the motion (Doc. No. 130), and the plaintiff has filed a Reply in further support thereof (Doc. No. 132). For the reasons set forth herein, the motion will be granted in part and denied in part. The plaintiff will be permitted to amend his pleading to add the proposed new *claim* but may not add the proposed new *defendants*.

## I.      BACKGROUND

This case has been pending for two and one-half years, nearly the entirety of which has been devoted to litigating multiple motions to dismiss. The only remaining defendants (the "Registry Defendants") are three members of the Tennessee Registry of Election Finance ("Registry"), against whom the plaintiff brings state law claims for slander, false light invasion of privacy, conspiracy, and false imprisonment, and federal claims under 42 U.S.C. § 1983 for violation of, and conspiracy to violate, his First Amendment rights. (*See generally* Second Amended Compl., Doc. No. 90, as modified by Doc. Nos. 71, 72, 78, 111, 112.)

The plaintiff now seeks to amend his pleading a third time,[1] this time by adding three—or perhaps four[2]—new defendants who are additional members of the Registry, were allegedly present at the May 18, 2022 Registry meeting, and allegedly conspired with the three named Registry Defendants to violate the plaintiff's rights. (*See* Proposed Third Am. Compl. ("Proposed TAC"), Doc. No. 131-1 ¶¶ 14–16, 121, 204–09, 216–17, 230–42.)[3] The Proposed TAC also sets forth a new claim for violation of the Tennessee Open Meetings Act ("TOMA"), Tenn. Code Ann. § 8-44-101 *et seq.* (*Id.* at 50–51, ¶¶ 306–15.)

The Registry Defendants oppose the plaintiff's Motion for Leave to Amend on the grounds of futility, arguing that (1) the claims against the new defendants are not based on newly discovered evidence, do not relate back to the date of filing the original Complaint under Federal Rule of Civil Procedure 15(c), and are time-barred; and (2) the plaintiff lacks standing to bring a TOMA claim. (*See generally* Doc. No. 130.) The plaintiff replies that the newly named defendants had constructive notice of this suit and, therefore, the Rule 15(c) requirements are satisfied; and he has alleged facts to support his standing and a colorable TOMA claim.[4] (Doc. No. 132.)

---

[1] The motion is timely under the Initial Case Management Order entered on December 9, 2024, which established a January 31, 2025 deadline for amending pleadings. (Doc. No. 123 at 3.)

[2] The case caption of the proposed amended pleading includes the name William Golden for the first time, but the body of the proposed pleading contains no additional information or even reference to an individual named William Golden. (*See* Doc. No. 131-1 at 1.) The May 18, 2022 Minutes of the Registry of Election Finance indicate that one of the Registry members is named David Golden. (Doc. No. 131-2 at 1.)

[3] The Proposed TAC attached to the plaintiff's motion (Doc. No. 125-2) differs from the Proposed TAC that the plaintiff apparently served on the defendants and that the defendants filed with their Response (Doc. No. 131-1), insofar as the version filed with the plaintiff's motion does not include new paragraphs 14–16 adding the new defendants. (*Compare* Doc. No. 125-2 ¶¶ 14–16 *with* Doc. No. 131-1 ¶¶ 14–16.)

[4] The Registry Defendants also argue that, insofar as the plaintiff is attempting to re-assert claims under 42 U.S.C. § 1985 or 1986, that attempt is futile. (Doc. No. 130 at 6.) The plaintiff clarifies that the court permitted him to "carry forward" dismissed claims when he filed the Second

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading only with the opposing party's consent or by leave of court. Rule 15(a)(2) adds that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Despite this "liberal amendment policy," the denial of a motion to amend "may be appropriate when there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016) (first quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); and then *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). The party opposing a motion to amend has the burden of establishing futility. *Mason Sales, LLC v. Talent Creation, Ltd.*, No. 3:24-cv-00092, 2025 WL 696529, at *4 (M.D. Tenn. Mar. 4, 2025) (Newbern, M.J.) (citations omitted).

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Such a motion is properly granted if the plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Marvaso v. Sanchez*, 971 F.3d 599, 605 (6th Cir. 2020). To survive a motion to dismiss, a complaint must allege facts that, if accepted as true, are sufficient to state a

---

Amended Complaint and that he is not attempting to reinstate dismissed claims but merely to preserve his ability to appeal the court's dismissal of those claims. (Doc. No. 132 at 4.)

claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

## III. DISCUSSION

### A. Rule 15(c) and the Addition of New Defendants

The first question is whether the proposed amendment is timely as to the proposed new defendants. There is no dispute that the plaintiff's claims against the new defendants are barred by the applicable statutes of limitation unless the claims relate back to the date the original Complaint was filed.

Rule 15 governs when an amended pleading relates back to the date of a timely filed original pleading. It states, in pertinent part:

An amendment to a pleading relates back to the date of the original pleading when:

. . . .

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

The plaintiff states in the Memorandum in support of his Motion for Leave to Amend that, after he filed the SAC, he "received notice from [former] Defendant News Channel Five of the existence of a full recording" of the March 18, 2022 Registry meeting. (Doc. No. 125-1 at 2.) The plaintiff states that, on reviewing that video, he "discovered additional information about the

meeting that had not been accurately captured by the News Channel 5 article," specifically the fact that "other [Registry] members present, who were not already named in the complaint, verbally agreed" to defendant Lawless's request to remove Clayton from the meeting. (*Id.*)

The defendants assert that the claims against the new defendants do not relate back under Rule 15(c), which authorizes relation back of an amendment that "changes the party or the naming of the party" based on mistaken identity but does not permit relation back of an amendment that simply adds a new party. (Doc. No. 130 at 3 (quoting *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010)). The defendants also point out that the video and the minutes of the meeting have been publicly available since May 2022, but the plaintiff apparently neglected to look at the video until recently.

In his Reply, the plaintiff asserts that *Asher* is not on point because it involved an attempt to add new *plaintiffs* after the limitations period had run and that, in any event, the Supreme Court held in *Krupski v. Costa Crociere SpA*, 560 U.S. 538 (2010), that relation back "depends on what the defendant being added knew or should have known, not on the plaintiff's knowledge or timeliness in seeking amendment." (Doc. No. 132 at 2.) He also maintains that *Krupski* confirms that Rule 15(c) applies to a plaintiff who "knows the identity of the new defendant but is mistaken about the new defendant's role." (*Id.*) This, he claims, is precisely what happened here:

> Plaintiff mistakenly relied on the report by News Channel 5 as to who all was involved in the decision to eject him from the meeting and to slander him. That report only mentioned the three Defendants he initially sued. Thus he was not fully aware of the role the proposed new Defendants took at the meeting. After reviewing the video of the entire meeting, and reading the minutes, Plaintiff realized others were involved.

(*Id.*)

The plaintiff, by his own admission, mistakenly relied on a news report and did not actually investigate who was present at the meeting from which he was ejected. He did not learn about the

alleged involvement of others until he viewed the video. This is a lack of knowledge, *not* the type of "mistake concerning the proper party's identity" contemplated by Rule 15(c)(1)(C)(ii).

Both before and after *Krupski*, the Sixth Circuit has made it clear that suing a defendant under a fictitious, placeholder name (*e.g.*, "John Doe" or "Jane Doe") is a lack of knowledge, not a "mistake" for purposes of Rule 15. *See Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 605 (6th Cir. 2025) ("[A]s we have held for decades, plaintiffs do not commit an 'error' or have a 'misconception' when they recognize that they do not know the name of a defendant and use a 'John Doe' placeholder instead. . . . [A]n 'absence of knowledge' is different from an error in knowledge." (internal citations omitted)).

Likewise, both before and after *Krupski*, the Sixth Circuit "has repeatedly held that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *Zakora v. Chrisman*, 44 F.4th 452, 463 (6th Cir. 2022) (quoting *Asher*, 596 F.3d at 318); *see also Lester v. Wow Car Co.*, 675 F. App'x 588, 592–93 (6th Cir. 2017) ("Since the New Defendants were added to the complaint and not even plausibly substituted for an original named defendant, any claims against the New Defendants cannot meet the requirements of Rule 15(c) which speaks only of an amendment changing the party or the naming of a party.").

Clayton similarly seeks to add new defendants, not simply rectify a mistake. Moreover, even if this type of "mistake" fell within the scope of Rule 15(c)—and, to be clear, it does not—the mere fact that the plaintiff sued some members of the Registry but not others did not plausibly alert those members whom the plaintiff did not originally sue "that the action would have been brought against [them], but for a mistake concerning [their] identity." Fed. R. Civ. P. 15(c)(1)(C)(ii). The plaintiff asserts, in a wholly conclusory fashion, that the other Registry

members were "all on notice that they would be sued as shown by News Channel 5 reporting [that] Plaintiff openly stated 'I'll see you in court' and the fact that the other Registry members were sued." (Doc. No. 132 at 2.) A vague and undirected threat to sue, even if the unnamed Registry members interpreted it as directed to them, does not provide notice of an actual lawsuit. Nor does the fact that three Registry members were sued in their individual capacity, without more, establish that the non-named members knew about that suit or, more importantly, knew about the contents of the original Complaint. Moreover, even assuming that the three new defendants were aware of the lawsuit and had read or knew about the allegations in the Complaint, absolutely nothing in the original Complaint would have alerted them that the plaintiff intended to sue them too but was simply unaware that they were present at the meeting from which he was ejected. The plaintiff, too, was present at that meeting, at least for a short period of time. The non-party Registry members present at the meeting were just as likely to have presumed that they were not sued because the plaintiff did not intend to sue them, not because he did not know they were there. Any speculation to the contrary would be just speculation—not evidence of constructive notice that the plaintiff made a mistake as to their identity. For this reason, too, the plaintiff cannot show relation back under Rule 15(c).

In sum, Rule 15(c) does not authorize the relation back of claims against wholly new defendants and particularly not against new defendants who had no reason to know that they would have been named in the original complaint, "but for a mistake concerning [their] identity." Fed. R. Civ. P. 15(c)(1). Because the claims against the proposed new defendants are clearly barred by the applicable statutes of limitation and do not relate back under Rule 15, the Motion for Leave to Amend to add these defendants will be denied.

### B. Rule 15(c) and the Addition of a New Claim

Rule 15(c) permits the relation back of amendments adding a new *claim* against existing defendants, so long as the new claim "arose out of the conduct, transaction, or occurrence set out— or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The Registry Defendants do not dispute that the proposed addition of a TOMA claim arises out of the same occurrence on which the plaintiff's other claims are premised. Instead, they argue that the proposed TAC fails to establish the plaintiff's standing to bring the claim, because the facts as alleged fail to demonstrate a violation of the TOMA and because the amendment "erroneously asserts that the Registry imposed a fine" on non-party Jonathan Hall during the meeting from which the plaintiff was ejected instead of seeking to redress an injury to plaintiff. (Doc. No. 130 at 5.) The defendants also appear to be arguing that the addition of this claim would be futile, because the Proposed TAC fails to state a colorable TOMA claim. In a footnote, the defendants add that, to the extent the plaintiff seeks to vindicate the rights of Jonathan Hall, he has "no causal connection to the relief sought." (*Id.* at 5 n.1.)

#### 1. Lack of Standing

Under Article III of the United States Constitution, federal courts only have jurisdiction over "Cases" and "Controversies." *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 378 (2024); U.S. Const. art. III, § 2. To ensure compliance with this requirement, courts have developed the standing doctrine to limit who can bring suit to enforce a right. *FDA*, 602 U.S. at 379. To establish standing, a plaintiff must show "(i) that she has suffered or likely will suffer an injury in fact, (ii) that the injury likely was caused or will be caused by the defendant, and (iii) that the injury likely would be redressed by the requested judicial relief." *Id.* at 380.

The defendants here reference these elements of standing and then assert, in a conclusory fashion, that, "[t]o have standing under TOMA, plaintiff must allege a violation of the Open

Meetings Act." (Doc. No. 130 at 4 (citing *Fannon v. City of Lafollette*, 329 S.W.3d 418, 429 (Tenn. 2010).) Their position is that, because the plaintiff alleges that he appeared at the meeting and exercised the privilege of speaking before being ousted, there was "no violation of TOMA." (*Id.* at 5.) In the cited portion of *Fannon*, however, the Tennessee Supreme Court considered whether a city council member had standing, as a citizen, to bring a declaratory judgment action alleging that other council members had violated the TOMA. The court noted that the Act provides that any court of equity has jurisdiction to "enforce the purposes of this part upon application of *any citizen of this state*." *Fannon*, 329 S.W.3d at 429 (emphasis in original) (quoting Tenn. Code Ann. § 8-44-106(a)). It held that the term "citizen" as used in the statute should be broadly construed and that "a threshold showing of an Open Meetings Act violation is sufficient to confer standing to any citizen." *Id.* Under *Fannon*, the plaintiff, as a citizen of Tennessee, has standing to bring a claim for a TOMA violation.

2. *Failure to State a Claim*

The defendants' actual argument appears to be that the Proposed TAC fails to state a colorable claim for a violation of the TOMA. The statute states in relevant part: "The general assembly hereby declares it to be the policy of this state that the formation of public policy and decisions is public business and shall not be conducted in secret." Tenn. Code Ann. § 8-44-101. "The Act requires that, except as provided by the Constitution of the State of Tennessee, all meetings of any governing body must be public meetings and open to the public at all times." *Cathey v. City of Dickson*, No. M2001-02425-COA-R3-CV, 2002 WL 970429, at *4–5 (Tenn. Ct. App. May 10, 2002) (citing Tenn. Code Ann. § 8-44-102(a)). In addition, the TOMA "gives citizens the statutory right to attend the meetings of state and local governmental boards and agencies." *Whittemore v. Brentwood Plan. Comm'n*, 835 S.W.2d 11, 18 (Tenn. Ct. App. 1992).

The plaintiff here alleges that he was ousted from a public meeting and thus deprived of his right as a citizen to attend a public meeting. The defendants appear to be arguing that the plaintiff was at the meeting and was permitted to speak before being removed and, therefore, that he fails to state a colorable claim for a TOMA violation. The point, however, is that the plaintiff was removed, and he alleges that he did not have a meaningful opportunity to attend or to speak. At this juncture, the court accepts as true the plaintiff's version of events.

The defendants might also be arguing, based on *Whittemore*, that a single individual's ouster from a single meeting does not constitute a violation of the TOMA as a matter of law. In *Whittemore*, the Tennessee Court of Appeals held that the TOMA "does not give citizens the right to participate actively in all public meetings nor does it require public officials to depart from their agenda or to interrupt their business to accommodate the public's demands to be heard." *Id.* There, a neighborhood property owners' association asserted that a county planning commission "acted illegally and arbitrarily by declining to hear public comment at all its meetings" concerning a proposed real estate development project. *Id.* The planning commission had held several public meetings over the course of at least four years to consider "various aspects" of the proposed development, each of which complied with the TOMA and during at least two (and probably four) of which the commission had accepted public comments. *Id.* At one of the early meetings, however, the commission "specifically declined to receive additional public comment when the chairman directed that an audience member be removed from the room." *Id.* The Tennessee Court of Appeals held that, in view of the entirety of the circumstances, "[t]he forceable removal of a lawyer from one of the planning commission's meetings" did not "taint the entire process" of rezoning the property and approving the site plan for the development and that "[t]he neighboring

residents' dissatisfaction with the planning commission's conduct calls for a political rather than a judicial remedy." *Id.*

While *Whittemore* might have some bearing on the ultimate resolution of this case, the court there was not addressing a motion to dismiss (or for leave to amend), nor did it consider the elements required to plead a TOMA violation. More importantly, the outcome was dictated by the specific factual circumstances presented there. In this case, the defendants may well have had legal justification to exclude the plaintiff, or there may have been other meetings and proceedings that, considered together, would establish that no substantive TOMA violation occurred. The court, however, cannot consider the viability of any such defenses at this juncture, as doing so would require consideration of facts outside the pleadings.

The defendants also argue that the TOMA claim is "futile" because the plaintiff "erroneously seeks to set aside an alleged imposition of a fine as to Jonathan Hall," but the minutes for the meeting show that the Registry, contrary to the plaintiff's assertion, "considered Mr. Hall's untimely request for reconsideration and request to continue the hearing" and "voted on those requests." (Doc. No. 130 at 5.) Along the same lines, the defendants appear to be arguing that the plaintiff cannot bring suit to redress an injury allegedly suffered by someone other than the plaintiff. The court sees no futility here: the plaintiff's alleged injury was his exclusion from a public meeting. (See Proposed TAC ¶ 309 ("By forcibly removing Plaintiff Clayton from the May 18, 2022 Board meeting without legal justification, the Board violated its statutory duty to conduct an open meeting in compliance with TCA § 8-44-101 et seq.").) If he proves a violation, the plaintiff's remedy would be the nullification of any action taken at the meeting. *See* Tenn. Code Ann. § 8-44-105. The parties offer differing versions of what happened at the meeting, which the court will not resolve in the context of determining the futility of the plaintiff's claim.

In sum, the defendants have not established that the plaintiff lacks standing to bring a TOMA claim or that the proposed TAC fails to state a colorable claim for a TOMA violation. Thus, they have not established, at this juncture, that an amendment to assert a TOMA claim would be futile.

## IV. CONCLUSION

For the reasons set forth herein, the Motion for Leave to File a Third Amended Complaint (Doc. No. 125) will be granted in part and denied in part. The plaintiff will be permitted to amend his pleading to add the proposed new *claim* but may not add the proposed new *defendants*. An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge