IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

| | | |
|---|---|---|
| MARK CLAYTON, | ) | No. 3:22-cv-00936 |
|     Plaintiff, | ) | Judge Trauger |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIAM YOUNG, *et al.*, | ) | |
|     Defendants. | ) | |

## DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT AND REPUTATIONAL DAMAGES TESTIMONY

Pursuant to this Court's Initial Case Management Order ("ICM," D.E. 123); Federal Rules of Evidence 401, 402, 403, 701, 702, 802, and 803; and Federal Rules of Civil Procedure 26 and 37, Defendant respectfully requests that the Court exclude any testimony and evidence relating to the contents of the affidavits of Dr. Barbara C. Luna and related reports (attached to this Motion as Exhibit 1) and Dr. William Davis Kenner (attached to this Motion as Exhibit 2), as well as any testimony and evidence concerning the "Reputational Cost Analysis Strategy by Edelman" as referenced in Plaintiff's Affidavit of January 28, 2025 (attached to this Motion as Exhibit 3).

### I. PLAINTIFF'S EXPERTS.

Although Plaintiff provided affidavits for Dr. Luna and Dr. Kenner, Plaintiff failed to provide any expert witness disclosures required under the Court's ICM and has not produced the Edelman report incorporated in his January 28, 2025 affidavit. Both Dr. Luna and Dr. Kenner's affidavits predate the incident underlying the claims arising out of the May 18, 2022 Registry of Election Finance meeting. And the incorporation of the Edelman information in Plaintiff's January 28, 2025 affidavit is hearsay. As a result, the evidence is irrelevant to any issue in this case, and should not be admitted because any minimal probative value is substantially outweighed by the danger of unfair prejudice due to the speculation it would invite.

1

## II. LAW AND ARGUMENT

Expert disclosures are controlled by Fed. R. Civ. P. 26(2)(A) which provides that parties must disclose any expert the party intends to use at trial. Fed. R. Civ. P. 26(2)(B) and (C) identify what the disclosures must contain. "Federal Rule of Civil Procedure 26(e) provides that a party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"" *Max Rack, Inc. v. Core Health & Fitness, LLC*, No. 2:16-CV-01015, 2019 WL 6496722, at *1 (S.D. Ohio Dec. 3, 2019). Under Fed. R. Civ. P. 37(c)(1) a party cannot then use the information or documents as evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). And "exclusion is automatic without a showing of substantial justification or harmlessness." *Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573, 578 (W.D. Tenn. 2009); *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport,* 596 F. 3d 357, 370 (6th Cir. 2010). Local Rule 39.01(5)(C) provides that a Court may exclude expert testimony when a party fails to comply with expert disclosure requirements or deadlines.

### A. Plaintiff did not make any Expert Witness Disclosures in Discovery.

Plaintiff's expert disclosures and reports in this case were due on May 30, 2025. D.E. 123, PageID# 1136. Plaintiff made no disclosure of any expert, nor did he produce any expert disclosures or reports, including anything from Edelman. In addition, Plaintiff has not identified any experts he intends to call at trial as provided in Rule 26(a)(2)(B) or (C). Instead, Plaintiff appears to fatally rely on affidavits attached to his Second Amended Complaint and included in

his discovery responses. *See Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871 (6th Cir. 2007). He ignores the Federal Rule 26(a)(2)(B) requirement that a party must file a report for an expert retained in anticipation of litigation. *Adkins v. Marathon Petroleum Co., LP*, 105 F.4th 841, 849 (6th Cir. 2024). The global strategy firm Edelman, and Drs. Keener and Luna, have all been hired by Plaintiff for the purposes of litigation. *See* Ex. 1, ¶ 4; Ex. 2, ¶ 4; Ex. 3, p. 1. Thus, any exception under Federal Rule 26(a)(2)(C) is inapplicable. And any testimony based on these retained experts should be "automatically" excluded because Plaintiff made no disclosure. *Bekaert Corp.*, 256 F.R.D. at 578.

>    **B.      Any Potential Testimony from Dr. Kenner or Dr. Luna does not Relate to the Subject Matter of the Claims before the Court.**

Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402. The affidavit of Dr. Kenner is based on telehealth interviews of Mr. Clayton that were conducted on October 26, 2020, and December 21, 2020, as well as a review of numerous documents dated between 2018 and 2020. Ex. 1. All this material concerns an unrelated dispute involving water damage to Plaintiff's property and Nashville Metro Water Services. D.E. 90, PageID# 884.

Similarly, the affidavit and damages estimate provided by Dr. Luna, dated February 24, 2021, addresses the same unrelated issue. Ex. 2; Ex. 3 at p. 3. Both affidavits and the opinions contained within them predate the May 18, 2022 incident that forms the basis of the present litigation. D.E. 90, PageID# 895. Thus, any testimony or evidence regarding either affidavit is irrelevant under Rule 401, will not assist the trier of fact at any level under Rule 702, and should be excluded pursuant to Rule 402. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

As mentioned, Plaintiff never provided Defendant with a copy of the Edelman report. Ex. 3. Despite Defendant requesting production and Plaintiff agreeing to supplement his response. *See* RFP Request No. 9 (attached to this Motion as Exhibit 4); Fed. R. Civ. P. 37(e) ("A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response."). Rather, Plaintiff apparently intends to prove reputational damages by virtue of his own affidavit, by injecting his own improper expert opinion testimony, and while incorporating an unproduced expert report. Ex. 3.

Notwithstanding Plaintiff's failure to comply with Fed. R. Civ. P. 37(e), any reliance on the undisclosed Edelman report constitutes impermissible hearsay under Federal Rules of Evidence 802 and 803. Plaintiff is not testifying from personal knowledge but instead seeks to introduce an undisclosed report—for the truth of the matter asserted to establish reputational harm. Fed. R. Evid. 803(c).

Furthermore, Plaintiff is not qualified under Federal Rules of Evidence 701 or 702 to testify regarding the estimated cost breakdown contained in his affidavit. Ex. 3 at p. 3. Although Plaintiff may offer lay opinion based on his own perception of how his reputation was affected, he may not provide opinions grounded in scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. Nothing in the record indicates that Plaintiff possesses any expertise that would allow him to estimate "immediate reputational restoration," "long-term reputation building," "legacy and posthumous protection," "ongoing monitoring and updates," "taxable damages," or to otherwise conjure a $17,810,000 valuation of reputational harm. Ex. 3 at p. 3. This type of speculative opinion is precisely the kind of unreliable evidence that Rule 702 is designed to exclude. *See JGR, Inc. v. Thomasville Furniture Indus., Inc.*, 370 F.3d 519, 525 (6th Cir. 2004). For this reason,

Plaintiff's unsupported and inadmissible opinion is also highly prejudicial to Defendants under Federal Rule of Evidence 403.

WHEREFORE, Defendant respectfully requests that the Court exclude Ex. 1, Ex. 2, and the portion of Ex. 3 discussing the Edelman Reputational Cost Analysis, Strategy, Cost Breakdown, and forensic audit by Dr. Luna from being introduced at trial as well as any other evidence or testimony which relies on these documents.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

/s/ Andrew Grams
ANDREW N. GRAMS, B.P.R. No. 018380
BEN BARTON, B.P.R. No. 043025
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 532-4098
Andrew.Grams@ag.tn.gov
Ben.Barton@ag.tn.gov
Attorneys for Registry Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, January 9, 2026, a true and correct copy of the foregoing Motion was served through the Court's electronic filing system on the following counsel of record:

John M. Drake
Law Office of John M. Drake
9851 Bear Creek Road
Sterrett, AL 35147
jmdrakelaw@gmail.com

Drew Justice
1902 Cypress Drive
Murfreesboro, TN 37130
drew@justicelawoffice.com

/s/Andrew Grams
ANDREW N. GRAMS