IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MARK CLAYTON,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM YOUNG, *et al.*,<br><br>    Defendants. | No. 3:22-cv-00936<br>Judge Trauger |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION IN LIMINE NO. 1**

Defendants' Motion in Limine No. 1 rests on two premises: that Plaintiff failed to comply with Federal Rule of Civil Procedure 26(a)(2), and that the opinions of Dr. Kenner and Barbara Luna are irrelevant under Federal Rules of Evidence 401 and 402 because they predate the defamatory conduct at issue. Both premises are incorrect.

Properly understood, Rule 26 does not compel exclusion on this record, and the challenged evidence is relevant to damages and aggravation under settled evidentiary and tort principles. Defendants' reliance on Rule 401 divorced from Rule 403 further underscores the flaws in their analysis.

**I. RULE 26 DOES NOT REQUIRE EXCLUSION BECAUSE ANY VIOLATION WAS HARMLESS**

Defendants assert that exclusion is required because Plaintiff did not make formal expert disclosures under Rule 26(a)(2). That assertion misapprehends both the structure of Rule 26 and the governing harmlessness inquiry under Rule 37(c)(1).

Rule 26(a) does mandate sanctions for disclosure violations unless the failure was substantially justified or harmless. *Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003). But Roberts also makes clear that harmlessness turns on practical realities, not formalism. As the court explained, a paradigmatic example of a harmless violation is the omission of a witness "known to all parties." Id. That is precisely the situation here. Dr. Kenner and Ms. Luna were identified at the outset of this litigation, their reports were disclosed and attached to the pleadings, and Defendants have known for more than a year the identities of these witnesses and the substance of their opinions.

Whether a disclosure violation is harmless is guided by a multi-factor analysis focusing on surprise, the ability to cure, trial disruption, the importance of the evidence, and the explanation for the failure. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 397 (4th Cir. 2014). Although Russell arose in the Fourth Circuit, its framework is widely applied and consistent with Sixth Circuit practice. Each factor weighs decisively against exclusion here. Defendants identify no surprise, no inability to cure, no trial disruption, and no bad faith. The evidence at issue goes directly to damages, a central issue in the case.

Importantly, exclusion is not automatic even where a violation is found. In *Howe v. City of Akron*, the Sixth Circuit emphasized that although exclusion is often the default remedy, Rule 37(c)(1) expressly authorizes district courts to impose alternative sanctions instead of exclusion. 801 F.3d 718, 747 (6th Cir. 2015). Defendants' motion treats exclusion as mandatory, contrary to the rule's text and Sixth Circuit precedent.

## II. DEFENDANTS' RELEVANCE ARGUMENT FAILS UNDER RULES 401 AND 403

Defendants next contend that the opinions of Dr. Kenner and Ms. Luna are irrelevant because they predate the May 18th, 2022 defamatory conduct. This argument misunderstands relevance and improperly isolates Rule 401 from Rule 403.

Rule 401 establishes a minimal threshold. Evidence is relevant if it has any tendency to make a consequential fact more or less probable. Evidence establishing a plaintiff's baseline condition, vulnerability, or ongoing harm easily satisfies that standard. Defendants' objection is therefore not truly about relevance, but about the weight and scope of the evidence.

As the Supreme Court explained in *Old Chief v. United States*, relevance under Rule 401 does not end the inquiry; it is Rule 403 that governs whether relevant evidence should nevertheless be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or waste of time. 519 U.S. 172, 180–85 (1997). Old Chief further clarifies that probative value under Rule 403 may be assessed by considering evidentiary alternatives, concessions, and context — not by denying relevance altogether. Defendants' motion improperly collapses this analysis by treating temporal distance as a Rule 401 defect rather than a Rule 403 balancing question. They make no showing that the probative value of the challenged evidence is substantially outweighed by unfair prejudice.

## III. DR. KENNER'S OPINIONS ARE ADMISSIBLE TO SHOW PSYCHOLOGICAL BASELINE AND AGGRAVATION

Dr. Kenner evaluated Plaintiff following prior false criminal accusations and diagnosed an ongoing DSM-5–recognized condition. He identified false criminal accusations as a triggering and exacerbating factor and explained that cessation of such accusations would allow improvement. Plaintiff does not offer this testimony to establish that Defendant caused the

original condition. Rather, it is offered to show Plaintiff's psychological baseline and to explain how repetition of the same type of false accusation aggravated that condition.

This theory is firmly grounded in Sixth Circuit tort law. Under the eggshell-skull doctrine, a tortfeasor takes the plaintiff as he finds him and is liable for the full extent of harm caused, even where the plaintiff's preexisting condition makes the injury more severe. *Meyers v. Wal-Mart Stores, East, Inc.*, 257 F.3d 625, 632 (6th Cir. 2001). Evidence of preexisting vulnerability is therefore not only relevant but necessary for the jury to assess damages accurately. The fact that Dr. Kenner's diagnosis predates the defamation enhances its probative value by establishing vulnerability and foreseeability.

Defendants' reliance on *Daubert* to argue irrelevance is misplaced. Daubert concerns the reliability of expert methodology, not whether expert testimony predating an injury can assist the trier of fact in understanding damages.

**IV. BARBARA LUNA'S OPINIONS ARE ADMISSIBLE TO SHOW ECONOMIC BASELINE AND EXACERBATION**

Ms. Luna's opinions concern Plaintiff's economic condition following earlier reputational harm and the cost of recovery from that harm. Plaintiff does not seek to recover damages from earlier events; he offers this evidence to show that he entered the 2022 defamation with unresolved economic vulnerability and that renewed, public defamation compounded and prolonged that harm.

The 2022 accusations were materially different from prior ones because they were made in an official setting, recorded, and disseminated. Evidence of Plaintiff's prior economic

condition allows the jury to understand why renewed defamation caused additional damage. As with psychological injury, economic aggravation is compensable under the eggshell-skull principle recognized in *Meyers*.

**V. DEFENDANTS' OWN CASE LAW DOES NOT SUPPORT EXCLUSION**

Defendants' cited authorities do not compel exclusion. In *Fielden v. CSX Transportation, Inc.*, the Sixth Circuit expressly rejected rigid application of Rule 26, explaining that prior authority did not preclude a party from submitting a properly sworn affidavit detailing treatment even without a formal expert report. 482 F.3d 866, 870–71 (6th Cir. 2007). Fielden thus supports consideration of affidavits and prior opinions where there is no surprise or prejudice.

*Bekaert Corp. v. City of Dyersburg*, 256 F.R.D. 573 (W.D. Tenn. 2009), involved late disclosure and discovery abuse, not early disclosure through pleadings. *Bessemer & Lake Erie Railroad Co. v. Seaway Marine Transport*, 596 F.3d 357 (6th Cir. 2010), emphasizes proportionality and harmlessness, not automatic exclusion. *JGR, Inc. v. Thomasville Furniture Industries, Inc.*, 370 F.3d 519 (6th Cir. 2004), concerns speculative lost-profits modeling in a commercial dispute and is inapposite to reputational and emotional damages.

**VI. PLAINTIFF'S REPUTATIONAL-REMEDIATION ESTIMATE IS ADMISSIBLE LAY TESTIMONY, NOT HEARSAY**

Defendants' hearsay argument regarding an alleged "Edelman report" fails because no such report exists. Plaintiff reviewed publicly available information on Edelman's website describing reputation-management services and prepared his own good-faith estimate of

remediation costs. Plaintiff has not retained Edelman and does not offer any out-of-court statement by Edelman for the truth of the matter asserted.

Plaintiff's testimony concerning his own research and anticipated costs constitutes admissible lay opinion under Rule 701. In *Walgreen Co. v. Walton*, the Tennessee Court of Appeals held that defendants should not be permitted to complain about the lack of exactness or precision in proof of damages when their own wrongdoing created the damages in the first place. *Walgreen Co. v. Walton*, 16 Tenn. App. 213, 223, 64 S.W.2d 44, 50 (1932). That rule remains good law and was reaffirmed in *Waggoner Motors* where the court explained that uncertainty as to the amount of damages does not bar recovery when the uncertainty results from the defendant's conduct. *Waggoner Motors v. Waverly Church of Christ,* 159 S.W.3d 42, 58 (Tenn. Ct. App. 2004). Any dispute over the amount or necessity of remediation costs goes to weight, not admissibility.

**CONCLUSION**

Defendants' Motion in Limine No. 1 misapplies Rule 26, misconstrues relevance under Rules 401 and 403, and ignores settled principles governing aggravation of preexisting injury and lay proof of damages. Plaintiff disclosed the challenged witnesses at the outset of this litigation, Defendants suffered no prejudice, and the evidence is probative of baseline condition and aggravation. The Motion should be denied.

> Respectfully Submitted,
>
> /s John M. Drake
> John M. Drake (BPR 03502)
> Law Office of John M. Drake
> 9851 Bear Creek Road
> Sterrett, AL 35147

jmdrakelaw@gmail.com

Drew Justice #29247
Attorney for Mark Clayton
1902 Cypress Drive Murfreesboro, TN 37130
(615) 419-4994
drew@justicelawoffice.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 20,, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system to and to any parties not on CM/ECF through post:

s/ John M. Drake<br>John M. Drake

Zachary L. Barker (Zachary.Barker@ag.tn.gov); Michael R. Dohn (michael.dohn@nashville.gov); Eric William Donica (eric.donica@ag.tn.gov); Andrew Grams (Andrew.Grams@ag.tn.gov); Matthew Floyd Jones; Mary Elizabeth McCullohs (mary.mccullohs@ag.tn.gov); Melissa S. Roberge (melissa.roberge@nashville.gov); William J. Harbison II (jharbison@nealharwell.com); Ben Barton (Ben.Barton@ag.tn.gov)