**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **MARK CLAYTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:22-cv-00936** |
| | ) | **Judge Aleta A. Trauger** |
| **WILLIAM YOUNG, TOM LAWLESS,** | ) | |
| **and PAIGE DENNIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM & ORDER

Before the court are the plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. No. 206), filed with a supporting Memorandum of Law (Doc. No. 207), and the proposed 149-page Fourth Amended Complaint (Doc. No. 207-1). Also pending are the related Motion to Reconsider Dismissal of Davidson County District Attorneys Pursuant to Rule 54(b) (Doc. No. 208) and Motion for Reconsideration of John Doe Dismissal [] Pursuant to Rule 54(b) and Rule 15(c) (Doc. No. 210), both filed with supporting Memoranda of Law (Doc. Nos. 209, 211). All of these motions will be denied.

## I.    MOTION TO AMEND

In the first motion, the plaintiff seeks to amend his pleading to identify Assistant District Attorney General ("ADA") Brian Ewald as a defendant. He asserts that Ewald was previously identified as a John Doe defendant in this case and that he has only recently discovered that Ewald was the ADA who appeared at the May 18, 2022 Registry meeting, that the other defendants intentionally concealed Ewald's identity, and that Ewald is clearly involved in the "conspiracy" alleged in the pleadings in this case. (*See generally* Doc. No. 207.)

The primary claim that the plaintiff seeks to bring against Ewald in the proposed Fourth Amended Complaint is a slander claim based on statements Ewald made at the May 22, 2022 Registry meeting. A slander claim under Tennessee law, however, is subject to a six-month statute of limitations that begins to run when the slanderous "words are uttered." Tenn. Code Ann. § 28-3-103. "[T]he discovery rule does not apply to Tennessee's slander statute of limitations." *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 822 (Tenn. 1994). The claim, therefore, is time-barred unless the plaintiff can show that it relates back under Rule 15(c), which he cannot do.

The plaintiff's original Complaint, filed on November 17, 2022, was filed within the six-month statute of limitations, but it does not name any "John Doe" defendants and only asserts a slander claim against the named Registry defendants. (*See generally* Doc. No. 1.) The plaintiff's First Amended Complaint (Doc. No. 5), filed on January 11, 2023, references "[a]t least two (2) Member's [sic] of the Nashville/Davidson County District Attorney office" as being present at the May 18, 2022 Registry Meeting, but it does not purport to assert any claims against them or identify them as defendants. It simply alleges that they "knew or should have known that the acts of slander and false imprisonment" by the other defendants "were illegal" but nonetheless "neglected to prevent the actions from being taken." (Doc. No. 5 ¶¶ 126–27.) Even if the plaintiff had asserted slander claims against the unidentified ADAs in that pleading, the statute of limitations for slander had, by then, already run.

The Second Amended Complaint, filed in March 2024, also does not identify John Doe defendants or assert claims against them. (*See* Doc. No. 90.) In the plaintiff's proposed Third Amended Complaint, the plaintiff refers for the first time to "John Doe District Attorneys"—but he does not characterize or identify them as defendants or purport to state any claims against them.

(Doc. No. 125-2 ¶ 121.) He identifies additional named Registry members as proposed new defendants. (*See* Doc. No. 131-1 ¶¶ 14–16.) As the court explained in addressing the plaintiff's Motion for Leave to File Third Amended Complaint, "Rule 15(c) does not authorize the relation back of claims against wholly new defendants and particularly not against new defendants who had no reason to know that they would have been named in the original complaint, 'but for a mistake concerning [their] identity.'" (Doc. No. 133 at 6 (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)).)

In short, amending the pleading to state a slander claim against Ewald would be futile because the claim is barred by the statute of limitations and does not relate back. The court further notes that Ewald is *referred to by name* in the Video of the May 22, 2022 Registry Meeting,[1] at 13:04 minutes into the meeting. The Video has been available publicly, and available to the plaintiff, for years. The plaintiff's claim that he only recently was able to identify ADA Ewald is simply not credible.

To the extent the plaintiff's other allegations against Ewald are premised on conduct in which Ewald, as an ADA, engaged in his prosecutorial capacity, such as his signing a "'continuation of judgment' attached to the dismissal order in Plaintiff's criminal case" (Doc. No. 207 at 16), Ewald would be entitled to absolute prosecutorial immunity. *Even if* the plaintiff could rely on the discovery rule as tolling the statute of limitations to salvage the plaintiff's proposed conspiracy claim against Ewald for his non-prosecutorial conduct (he cannot), that claim is completely conjectural, fails to state a colorable claim for which relief may be granted and, therefore, is futile.

---

[1] *Meeting Video Part 1*, available at https://www.tn.gov/tref/calendar/2022/5/18/registry-of-election-finance-board-meeting.html

The plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. No. 206) is **DENIED**.

II.     **MOTIONS TO RECONSIDER**

The plaintiff seeks "reconsideration" of the "Order dismissing the Davidson County DAs from this case" (Doc. No. 208 at 1) and, more specifically, "reconsideration of the Court's prior dismissal of the John Doe Assistant District Attorney defendants and for leave to amend the complaint to substitute Assistant District Attorney Brian Ewald as a named defendant" (Doc. No. 210 at 1). The plaintiff does not identify to which "Order" he is referring, likely because, as best the court can ascertain, there is no such order. As set forth above, the plaintiff has never sued, named, or stated claims against any John Doe defendant in this case, much less a John Doe DA or ADA. Consequently, there is no order addressing or dismissing John Doe defendants for the court to reconsider.

The plaintiff's Motion to Reconsider (Doc. No. 208) and Motion for Reconsideration (Doc. No. 210) are **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge