IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK CLAYTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:22-cv-00936 |
| | ) Judge Aleta A. Trauger |
| WILLIAM YOUNG *et al.*, | ) ) |
| Defendants. | ) |

**MEMORANDUM and ORDER**

Now before the court is the defendant's Motion in Limine No. 2 to Exclude Documents and Information Not Produced and Related Testimony. (Doc. No. 187.) More specifically, citing Federal Rules of Civil Procedure 26, 34, and 37, defendant Paige Burcham-Dennis seeks to exclude from evidence at trial documents that were identified in the plaintiff's initial Rule 26 disclosures and Rule 26 computation of damages, and requested by the defendants in discovery, but that the plaintiff has failed to produce. (*Id.* at 1.) Plaintiff Mark Clayton filed a Response (Doc. No. 202), arguing that the motion is largely moot, either because the plaintiff does not intend to produce the evidence identified in the motion or because it is the subject of the defendant's Motion in Limine No. 1.

For the reasons set forth herein, the motion will be granted in part, denied in part without prejudice, and denied in part as moot.

**I. BACKGROUND**

The defendant asserts that the plaintiff identified in his initial disclosures four categories of documents supporting his claims for damages: (1) medical and psychological treatment records, (2) employment and earnings documentation, (3) expert reports regarding economic loss, and (4)

reputation management industry cost analysis. (Doc. No. 187 at 1; *see also* Pl.'s Initial Disclosures, Doc. No. 187-1 at 4.) The defendants' Requests for Production of Documents ("RFPs") asked the plaintiff to produce these documents, including, with respect to the second category, personal income tax returns from 2019 to the present, along with all schedules, worksheets, W-2 forms, 1099 forms, interest statements, K-1 statements, receipts, invoices, and supporting documentation. (*See* Doc. No. 187 at 1–2; *see also* Pl's Resp. to RFPs, Doc. No. 187-2.) According to the defendant, the plaintiff has never produced any of these documents.

The plaintiff's Initial Disclosures also included a computation of damages that was purportedly based on "actual costs and expert projections," "comparable cases," "industry standard rates" for "reputation management," and "comparable cases" for ratios for alleged punitive damages. (Doc. No. 187-2 at 5–6.) The defendant asserts that the plaintiff has never provided supporting documentation of such "actual costs, expert projections, or industry rates or standards for reputation management, or comparable cases." (Doc. No. 187 at 2.)

The defendant argues that, because the plaintiff has failed to produce documentation in response to discovery requests, or to supplement his discovery responses in a timely fashion, he is precluded by Rule 37(c) from "offering specific testimony related to these categories of Documents" and his computation of damages at trial. (*Id.* at 3–4.)

In his response, the plaintiff clarifies that he does not intend to introduce into evidence his personal income tax returns, W-2s, 1099s, or other employment and earnings records that were not produced in discovery. (Doc. No. 202 at 1.) Nor does he intend to offer medical or psychiatric treatment records "beyond those already disclosed," nor any "additional expert reports concerning economic loss beyond those of Dr. Kenner and Barbara Luna." (*Id.*) He asserts that the request to exclude these documents should be excluded as hypothetical and therefore moot.

He further argues that the admissibility of the Kenner and Luna reports is governed by the defendant's Motion in Limine No. 1 (and, presumably, the court's ruling on that motion); that he has not withheld any documents relating to his "reputation-management damages estimate"; and that he "executed and provided a HIPAA authorization identifying his medical providers and authorizing Defendants to obtain the records directly from those third parties," thus making his medical records "available for inspection and copying within the meaning of Rule 34." (Doc. No. 202 at 2–4.) Otherwise, he argues that exclusion of his damages-related evidence is not warranted under Rule 37(c) based on harmless error.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26 requires the plaintiff to provide, with his initial disclosures, "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26(e) provides for supplementation of incorrect or incomplete disclosures.

Rule 34 governs requests for production of documents. And Rule 37 states that a party who "fails to provide information as required by Rule 26(a) or (e) . . . is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1).

## III. DISCUSSION

It is somewhat unclear to the court to what extent any portion of the defendant's Motion in Limine No. 2 remains unresolved. First, the court's ruling on the defendant's Motion in Limine No. 1 disposes of any issue regarding the Affidavits of Dr. Kenner or Barbara Luna, as well as the plaintiff's ability to offer lay testimony about the future costs of repairing reputational damages. In short, the plaintiff may not offer the Kenner or Luna Affidavit into evidence; nor may he testify

about information he gleaned from a website on reputation remediation or the potential future costs of reputation remediation. That conclusion governs evidence about Edelman's strategy but also about information on the website identified in the plaintiff's Response to Motion in Limine No. 2. The plaintiff simply is not competent to testify about what steps might be necessary to repair his reputation or the putative future costs of doing so.

Second, the plaintiff states that he does not intend to offer into evidence his personal income tax returns from 2019 to the present, along with all schedules, worksheets, W-2 forms, 1099 forms, interest statements, K-1 statements, receipts, invoices, and supporting documentation. What other admissible "employment and earnings documentation" is in his possession and has already been produced remains to be seen, but he will not be permitted to offer into evidence documentation that he was previously asked to produce in discovery but did not produce.[1]

Finally, regarding the plaintiff's medical records, it is unclear from the plaintiff's Witness and Exhibit List what medical records he actually seeks to introduce into evidence, aside from the Kenner Affidavit, which the court has already found to be inadmissible. The List also references "Medical Records/HIPAA Release." (Doc. No. 221.) The court does not know whether the plaintiff simply seeks to introduce a HIPAA Release or medical records themselves, but the plaintiff states that he does not intend to introduce records "beyond those already disclosed." (Doc. No. 202 at 1.) By "disclosure," he seems to mean that he identified medical providers and signed authorizations that would permit the defendants to obtain those documents directly from the providers. That may be true, but the Order Setting Case for Trial directed the parties to exchange copies of their intended exhibits no later than January 6, 2026. (*See* Doc. No. 124 ¶ 3.) Irrespective of whether the

---

[1] The plaintiff has now filed his Witness and Exhibit List. Many of his exhibits related to damages appear to be largely in the form of inadmissible hearsay, including his own deposition, his own previously produced affidavits, and the Luna Affidavit.

defendant had the ability to obtain the plaintiff's medical records through his provision of release authorizations, the plaintiff still had an obligation to produce the actual exhibits he intends to offer into evidence. On the record now before the court, it is unclear whether he has supplied copies of all of his proposed exhibits to the defendant. It is also unclear what medical records the plaintiff intends to introduce into evidence. The court declines to rule on a hypothetical issue. If the plaintiff seeks to introduce medical records, or medical billing records, at trial, the defendant may renew her objection at that time.

### IV.   CONCLUSION AND ORDER

For the reasons set forth herein, the defendant's Motion in Limine No. 2 is **DENIED AS MOOT** with respect to the issues resolved in the court's ruling on Motion in Limine No. 1. More specifically, the plaintiff may not offer into evidence the Luna Affidavit or the Kenner Affidavit, or testimony from either Dr. Kenner or Dr. Luna regarding the plaintiff's mental health or financial damages that predate the May 18, 2022 meeting at issue in this lawsuit, and he may not testify about "reputation management industry cost analysis."

The court **DENIES WITHOUT PREJUDICE** the motion insofar as it pertains to medical records; the defendant may renew her objection at trial, if the issue arises.

The motion is **GRANTED** with respect to the introduction of any other documentation supporting the plaintiff's lost earnings or economic loss that has not been produced in discovery.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge