# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

MARK CLAYTON,                           )
                                      )
     **Plaintiff,**                  )
                                        )
**v.**                                      )    **Case No. 3:22-cv-00936**
                                        )    **Judge Aleta A. Trauger**
**WILLIAM YOUNG** *et al.*,        )
                                        )
     **Defendants.**             )

## MEMORANDUM and ORDER

Before the court is plaintiff Mark Clayton's Motion in Limine to Exclude Evidence of the Contents of the May 17, 2022 Call (Doc. No. 194), which the defendant opposes (Doc. No. 199). For the reasons set forth herein, the motion will be denied.

## I.    BACKGROUND

The sole remaining claim in this case is a slander (spoken defamation) claim against defendant Paige Burcham-Dennis. It is based on Burcham-Dennis's publicly accusing the plaintiff of "threatening" the Tennessee Registry of Election Finance during a telephone call on May 17, 2022. (*See generally* Doc. No. 173 at 10–11 (Court Memo. addressing defendants' Motion for Summary Judgment).) It is undisputed that Burcham-Dennis was not a party to the telephone call. Registry employee Lauren Topping, who is expected to testify at trial, received the telephone call. However, Lauren Topping told Bill Young about the call, and Young told Burcham-Dennis about it. (*See id.* at 7–8.)

While Clayton does not seek to exclude testimony about the call from Topping (*see* Doc. No. 194 at 6), he seeks to bar Burcham-Dennis from testifying about it. Citing Federal Rules of Evidence 403 and 602, he argues that (1) Burcham-Dennis's testimony about "the contents of the

call" has "no probative value as to [Burcham-]Dennis's state of mind; (2) Burcham-Dennis lacks personal knowledge of the contents of the call; and (3) any marginal relevance her testimony may have is far outweighed by the danger of unfair prejudice. (*Id.* at 1–2; 4–6.) The defendant responds that what she knew or was told about the call is clearly relevant to her state of mind at the time she made the allegedly defamatory statements, that that evidence is not hearsay, and that the probative value of the evidence is not outweighed by the danger of unfair prejudice. (Doc. No. 199.)

## II.     LEGAL STANDARDS

Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probative than it would be without the evidence" *and* "is of consequence in determining the action." Fed. R. Civ. P. 401. As a general proposition, relevant evidence is admissible at trial; irrelevant evidence is not. Fed. R. Civ. P. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Civ. P. 403.

Rule 602 provides that a witness "may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." Fed. R. Civ. P. 602.

## III.     DISCUSSION

To prove his claim of defamation under Tennessee law, Clayton must prove that: (1) Burcham-Dennis "published a statement; (2) with knowledge that the statement is false and defaming to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Brown v. Mapco Exp., Inc.*, 393 S.W.3d 696, 708 (Tenn. Ct. App. 2012) (quoting *Sullivan v. Baptist Mem. Hosp.*, 995 S.W.2d 569, 571 (Tenn. 1999)). However, because the plaintiff is a public figure or limited public figure for

purposes of his slander claim, he must prove actual malice.[1] In the defamation context, that means

he must prove by clear and convincing evidence that Burcham-Dennis published a statement "with

knowledge of the statement's falsity or with reckless disregard of its truth or falsity." *Hibdon v.

Grabowski*, 195 S.W.3d 48, 62 (Tenn. Ct. App. 2005) (citing *Curtis Pub. Co. v. Butts*, 388 U.S.

130, 155 (1967); and then citing *McWhorter v. Barre*, 132 S.W.3d 354, 365 (Tenn. Ct. App. 2003)).

In other words, Burcham-Dennis's state of mind when she made the allegedly defamatory

statements is relevant, and her state of mind depends largely on what she had been told and what

she believed about the plaintiff's telephone call. While she obviously cannot testify about what the

plaintiff said during that telephone call, because she was not a party to the call and lacks personal

knowledge, she can testify about *what she was told* about the call, which would include anything

she was told about the words the plaintiff used and the tone of his voice during the call. She has

personal knowledge about what she was told. What she was told, and not what the plaintiff actually

said, is relevant to her state of mind when she accused the plaintiff of "threatening" the Registry.

Burcham-Dennis's testimony about what she was told would not amount to hearsay (or

double hearsay), because it would not be offered for the truth of the underlying statements—the

truth of what Lauren Topping told Young about Clayton's call, what Young told Burcham-Dennis,

or what the plaintiff himself said during the call.[2] Instead, the defendant seeks to offer the evidence

to show what she reasonably believed about the call at the time she made the allegedly defamatory

---

[1] The plaintiff effectively concedes that he is a public figure or limited public figure for purposes of his defamation claim or, in any event, that he is required to prove malice. (*See* Doc. No. 194 at 2.) As the court explained in ruling on the defendants' Motion for Summary Judgment, Burcham-Dennis, as a state official, is entitled to absolute immunity from the slander claim under the Tennessee Claims Commission Act ("TCCA"), Tenn. Code Ann. § 9-8-307, *unless* willfulness or malice is an element of the tort. (*See* Doc. No. 173 at 23–24.)

[2] Hearsay, of course, is defined by the Federal Rules of Evidence as a statement that was not made by a declarant "while testifying at the current trial or hearing," that is offered as evidence by a party "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

statements. This testimony is clearly relevant to her knowledge of the truth or falsity of her statements, and the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

The court will consider giving a limiting instruction at the time the testimony is given.

## IV. CONCLUSION AND ORDER

For the reasons set forth herein, the plaintiffs' Motion in Limine (Doc. No. 194) is **DENIED**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge