**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| MARK CLAYTON,<br>Plaintiff, | ) | |
| | ) | |
| V. | ) | **No. 3:22-cv-00936** |
| | ) | |
| PAIGE BURCHAM-DENNIS, et al.,<br>Defendants. | ) | |

---

# MOTION AND MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL PURSUANT TO RULES 50(b) AND 59

---

Plaintiff Mark Clayton submits this Motion And Incorporated Memorandum of Law in support of his Renewed Motion for Judgment as a Matter of Law and, in the alternative, Motion for New Trial. The jury found that Defendant Paige Burcham-Dennis did not defame Plaintiff. That verdict is legally deficient and factually insupportable. As set forth below, judgment as a matter of law is required under Rule 50(b), or in the alternative, a new trial is required under Rule 59(a).

## LEGAL STANDARDS

### A. Rule 50(b) — Judgment as a Matter of Law (and/or New Trial)

Under Federal Rule of Civil Procedure 50(a)(1), a court must render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." As the Supreme Court

confirmed in *Reeves v. Sanderson Plumbing Products*, Inc., 530 U.S. 133, 149 (2000), the standard for judgment as a matter of law under Rule 50 mirrors the standard for summary judgment under Rule 56. Accordingly, the Court must review all evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but may not make credibility determinations or weigh the evidence — those functions belong to the jury. Id. at 150-51 (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)).

Critically, while the Court draws inferences in favor of the nonmovant, it must disregard evidence favorable to the moving party that the jury was not required to believe. *Reeves*, 530 U.S. at 151. The inquiry is whether, viewing the record as a whole, a reasonable jury had a legally sufficient basis to reach its verdict. Where the evidence on a dispositive element permits only one reasonable conclusion, judgment as a matter of law is required. *Id*. The rule also allows a party to "include an alternative or joint request for a new trial under Rule 59." Rule 50(b).

**B. Rule 59(a) — New Trial**

Federal Rule of Civil Procedure 59(a)(1)(A) authorizes a court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." The Sixth Circuit has interpreted Rule 59(a) to require a showing of a "seriously erroneous result," which is established by one of three conditions:

- the verdict is against the weight of the evidence;
- the damages are excessive; or
- the trial was unfair to the moving party in some fashion — i.e., the proceedings were influenced by prejudice or bias.

*Holmes v. City of Massillon, Ohio, 78 F.3d 1041, 1045-46 (6th Cir. 1996) (citing Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940)).*

The Sixth Circuit has further held that a new trial is warranted where "the verdict is against the weight of the evidence, ... or if the trial was influenced by prejudice or bias, or otherwise unfair to the moving party." *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000). The court should only deny a new trial if the verdict "reasonably could have been reached." *Denhof v. City of Grand Rapids*, 494 F.3d 534, 543 (6th Cir. 2007) (citation omitted).

Importantly, unlike Rule 50 review, under Rule 59 the Court "is free to weigh the evidence for himself" and may order a new trial "even though there is substantial evidence to support the verdict." *Jennings v. Jones*, 587 F. 3d 430, 436 (1st Cir. 2009). The "weight of the evidence" standard requires the trier of fact — here the Court reviewing the verdict — to assess "a greater amount of credible evidence" on one side of an issue or cause than the other. Tibbs v. Florida, 457 U.S. 31, 37-38 (1982). In the Sixth Circuit, this Court's inquiry is whether the evidence preponderates so heavily against the verdict that to allow it to stand would result in a miscarriage of justice. See *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988) (reviewing whether verdict was against the manifest weight of the evidence).

## I. JUDGMENT ON LIABILITY AS A MATTER OF LAW

Notwithstanding the verdict, the Court should award a directed verdict on liability for defamation, per Rule 50. (Or alternatively, Rule 50 also allows for a new trial, which Clayton also requests.) The Court's instruction defined defamation as "a statement about a person that exposes that person to wrath, public hatred, contempt, or ridicule, or deprives that person of the

benefits of public confidence or social interaction." The jury was required to determine whether six elements were established by a preponderance of the evidence:

1. That Defendant communicated a statement about Mr. Clayton;
2. That the statement was made to persons other than Mr. Clayton by Ms. Burcham-Dennis concerning Mr. Clayton;
3. That the statement was defamatory;
4. That the statement was heard or read by persons other than Mr. Clayton who understood its defamatory meaning and that it referred to Mr. Clayton;
5. That the statement was false; and
6. That Mr. Clayton suffered injury.

The verdict form required a single "Yes" or "No" on elements 1 through 6 combined. The jury never progressed beyond these elements. Seemingly, though, none of the above elements was disputed, except possibly ‘falsity,’ as discussed further below. No one denies that Burcham-Dennis made the statements. No one denies that she communicated it to others — even to the general public, and the news media. No one can plausibly argue that the statement was not “defamatory.” Per the jury instructions, “defamatory” just means that she held Plaintiff Clayton up to ridicule, which obviously she did. No one disputes that others heard the statements. No one really disputes that Plaintiff Clayton suffered at least *some* injury. He testified that he was humiliated. The video clearly shows that he was angry and upset. The video made the news. It is stored on the internet search engines even today. Whether we agree about his damages totaling millions, or whether it was perhaps some small amount, clearly he suffered at least some injury.

Seemingly, the Defendants did try arguing that the video was not *false*. Along those lines, they introduced testimony from the Registry's attorney that Clayton "threatened" to sue the Registry if it failed to let him speak. However, if Burcham-Dennis had merely accused him of threatening to *sue*, then we would not be having this argument today over defamation. The defamation claim is based on the obvious statements, and/or insinuations, that Clayton threatened more dangerous or illegal activity. Today, the defense has conceded that Clayton did not actually threaten any violence or any illegality. Yet Burcham-Dennis claimed that the Plaintiff threatened her in various ways:

- "Were you the one who called our office yesterday making threats?"
- "He just threatened us, *and* threatened to sue us" (emphasis added) (A statement made even after the Registry's lawyer informed the Registry that there were "no overt threats of violence" on the call);
- "I hope he went through the metal detector" — implying Plaintiff was so dangerous that weapons screening was warranted, referencing a metal detector that did not exist; and
- "His bag was pointed at me" — contradicted by the contemporaneous video evidence admitted at trial.

In the same context, another member of the Registry was speaking about shooting Clayton if he came to their homes, again implying danger. Even if a reasonable jury could perhaps find that Clayton "threatened" to sue — something which Clayton actually disputes — still no one could find that Clayton truly threatened the Registry in the other ways listed above. Hence, no reasonable jury could find the statements true.

The final element of defamation that had to be proven by clear convincing evidence was Tennessee law recognizes defamation by implication where statements, in context, convey a false

and defamatory meaning even when technically framed as questions or qualified statements. See *Brown v. Mapco Express*, Inc., 393 S.W.3d 696, 708 (Tenn. Ct. App. 2012). "The issue of whether a communication is capable of conveying a defamatory meaning is a question of law." *Id.* Here, the implication was reinforced by references to nonexistent security infrastructure, suggestions that Plaintiff posed a physical danger, and post-meeting commentary continuing to characterize Plaintiff's conduct as threatening. The Court itself recognized the nature of Defendant's conduct. In denying summary judgment as to Defendant Burcham-Dennis, this Court described her statement as a "baseless accusation" and noted she "doubled down" on it. That characterization is irreconcilable with a post-verdict finding that no defamation occurred.

Finally, for a directed verdict under Rule 50 (but not a new trial under Rule 59, addressed next), Clayton must also establish that the Defendant acted recklessly. Here, the jury did not even reach this element. But seemingly the Court would need to reach it before awarding judgment as a matter of law. Here, no reasonable jury could find that Burcham-Dennis acted less than recklessly. First, by the defense witnesses' own admissions, Burcham-Dennis made the defamatory statements *without* hearing *any* accusation that Clayton had made any threats — not even a threat to sue. Second, she undeniably referenced Clayton as dangerous enough to require a metal detector — even though defense witnesses basically admitted that no metal detector even exists. (Registry Member Bill Young admitted that no metal detector exists. Defendant Burcham-Dennis claimed that she was *unsure* whether a metal detector exists. But no one actually claimed that one does exist.) Third, Burcham-Dennis doubled down on the accusations even *after* hearing the Registry lawyer explain that the phone call involved no threats of violence. In this context, no reasonable jury could find an absence of recklessness.

Even if the Court disagrees, finding that a reasonable jury could find an absence of recklessness, Plaintiff should at least be entitled to a judgment as a matter of law on the first 6 elements with the 7th being decided by a jury in a new trial. Because the verdict form required the jury to return a single finding on elements 1 through 6 before reaching element 7, the jury never considered actual malice. Plaintiff's burden on this motion is therefore limited to demonstrating that no reasonable jury had a legally sufficient evidentiary basis to find for Defendant on elements 1 through 6. See *Reeves v. Sanderson Plumbing Products, Inc*., 530 U.S. 133, 149-51 (2000); Fed. R. Civ. P. 50(a)(1), 50(b). Where a claim 'can be maintained or defeated only with a favorable finding' on those elements, Fed. R. Civ. P. 50(a)(1)(B), and the jury's finding on those elements lacks a legally sufficient evidentiary basis, judgment as a matter of law is required regardless of what a jury might have found on issues it never reached.

## II. NEW TRIAL FOR MANIFEST WEIGHT OF THE EVIDENCE

Even if the Court declines to enter judgment as a matter of law under Rule 50(b), the interests of justice require a new trial under Rule 59(a). Three independent conditions — each sufficient standing alone — are satisfied here.

The "weight of the evidence" standard calls for a determination that a greater amount of credible evidence supports one side of the issue than the other. *Tibbs v. Florida*, 457 U.S. 31, 37-38 (1982). When assessing a motion for new trial on this ground, the Court weighs the evidence independently and may grant relief even if the verdict was supported by some evidence. *Ashworth*, 836 F.2d at 266. The question is whether it would be a miscarriage of justice to let the verdict stand. Here, it would be.

As discussed above, seemingly the only elements that the Defendant tried to dispute were (1) recklessness and (2) falsity. (The defense also disputed the magnitude of damages, but did not seriously contend a complete absence of damages.) However, especially for weight of the evidence, the Court need not even address recklessness because the jury never even got to that element.

Instead, for Rule 59, the Court need only look to the first 6 elements. Otherwise, it would deny Clayton his right to a jury on the unreached elements. And as already discussed above, those elements are undeniably satisfied. In particular, although the defense tried arguing 'truth' on some level, based on a purported threat to sue made on a phone call, no reasonable jury could find that the accusations only referenced a threat of a lawsuit. Consequently, the manifest weight of the evidence requires that the Court vacate the verdict and award a new trial.

## CONCLUSION

The Court should award judgment as a matter of law, and/or a new trial, per Rule of Civil Procedure 50(b). In addition or alternatively, the Court should award a new trial per Rule of Civil Procedure 59, based upon the weight of the evidence.

Respectfully Submitted,

/s John M. Drake
John M. Drake (BPR 03502)
Law Office of John M. Drake
9851 Bear Creek Road

Sterrett, AL 35147
jmdrakelaw@gmail.com

Drew Justice #29247
Attorney for Mark Clayton
1902 Cypress Drive Murfreesboro, TN 37130
(615) 419-4994
drew@justicelawoffice.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 26, 2026, the foregoing document was served on all parties or their counsel of record through the CM/ECF system to and to any parties not on CM/ECF through post:

s/ John M. Drake
John M. Drake

Zachary L. Barker (Zachary.Barker@ag.tn.gov); Michael R. Dohn (michael.dohn@nashville.gov); Eric William Donica (eric.donica@ag.tn.gov); Andrew Grams (Andrew.Grams@ag.tn.gov); Matthew Floyd Jones; Mary Elizabeth McCullohs (mary.mccullohs@ag.tn.gov); Melissa S. Roberge (melissa.roberge@nashville.gov); William J. Harbison II (jharbison@nealharwell.com); Ben Barton (Ben.Barton@ag.tn.gov).

**Secondary Authorities:**

11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2806 (1995)